UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

BERNICE BAKER,

                                          Plaintiffs,

v.                                                                   Civil Action No. _____

FIRST NATIONAL COLLECTION BUREAU, INC.

                                          Defendant.
_____

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**I. INTRODUCTION**

1. This is an action for actual and statutory damages brought in response to Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

**II. JURISDICTION AND VENUE**

2. Jurisdiction of this court arises under 15 U.S.C. §1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1337.

3. Venue is proper in this district under 28 U.S.C. §1391(b) in that the Defendant transacts business here and the conduct complained of occurred here.

**III. PARTIES**

4. Plaintiff Bernice Baker is a natural person residing in the County of Monroe and State of New York and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

5. Defendant First National Collection Bureau, Inc. is a domestic corporation organized and existing under the laws of the State of Nevada and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

6. Defendant regularly attempts to collect debts alleged to be due another.

7. The acts of the Defendant alleged hereinafter were performed by its employees acting within the scope of their actual or apparent authority.

8. All references to "Defendant" herein shall mean the Defendant or an employee of the Defendant.

## IV. FACTUAL ALLEGATIONS

9. That Plaintiff allegedly incurred a debt related to a Citibank Sunoco gas card. This debt will be referred to as "the subject debt."

10. That the subject debt arose out of a transaction in which money, services or property, which was the subject of the transaction, was primarily for personal, family and/or household purposes.  As such, said debt is a "debt" as that term is defined by 15 U.S.C. §1692a(5).

11. That Plaintiff allegedly defaulted on the subject debt.

12. That upon information and belief Defendant, sometime after the alleged default, acquired the subject debt and began to collect on the subject debt.

13. That on or about June 2021, Defendant sent a text message to the Plaintiff's daughter in regard to the subject debt.

14. The text message from the Defendant stated the following:

> FROM: First National Collection, Bureau, Inc.
> TO: Bernice
> We are contacting you regarding an important personal business matter.
> This is a text from a debt collector.
> Call us at 1-800-824-6191 or pay online using reference number 203594674 at fncbinc.com.
> Call us at 1-800-824-6191 or pay online using reference number 203594674 at https://tinyurl.com/fncbinc.
> Reply STOP to stop SMS.

15. The above-described collection conduct by Defendant in its efforts to collect this alleged debt from Plaintiff were oppressive, deceptive, misleading, unfair and illegal communications in an attempt to collect this alleged debt, all done in violation of numerous and multiple provisions of the FDCPA.

16. These collection actions taken by Defendant, and the collection employees employed by Defendant, were made in violation of multiple provisions of the FDCPA, including but not limited to all of the provisions of those laws cited herein.

17. These violations by Defendant were knowing, willful, negligent and/or intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violations.

18. Defendant's collection efforts with respect to this alleged debt from Plaintiff caused Plaintiff to suffer concrete and particularized harm because the FDCPA provides Plaintiff

      with the legally protected right to be treated fairly and truthfully with respect to any action for the collection of any consumer debt.

19. Defendant's deceptive, misleading and unfair representations with respect to its collection effort were material misrepresentations that affected and frustrated Plaintiff's ability to intelligently respond to Defendant's collection efforts.

20. That as a result of Defendant's acts Plaintiff became nervous, upset, anxious, and suffered from emotional distress.

### V. CAUSE OF ACTION

21. Plaintiff repeats, re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 20 above.

22. The conduct of Defendant as described in this complaint violated the Fair Debt Collection Practices Act (15 U.S.C. §1692 et seq.) as follows:

    A. Defendant violated 15 U.S.C. §1692b(1) and 15 U.S.C. §1692c(b) by contacting Plaintiff's daughter for reasons other than location information.

    B. Defendant violated 15 U.S.C. §1692b(2) by contacting Plaintiff's daughter in regards to the subject debt.

23. That as a result of the Defendant's FDCPA violations as alleged herein, Plaintiff became nervous, upset, anxious and suffered from emotional distress.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against the Defendant for:

    (a) Actual damages;

    (b) Statutory damages for pursuant to 15 U.S.C. § 1692k.

    (c) Costs, disbursements and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

    (d) For such other and further relief as may be just and proper.

## VI. JURY DEMAND

Please take notice that Plaintiff demands trial by jury in this action.

Dated: July 28, 2021

        /s/ Seth J. Andrews, Esq.
Seth J. Andrews, Esq.
Kenneth R. Hiller, Esq.
Law Offices of Kenneth Hiller, PLLC
*Attorneys for the Plaintiff*
6000 North Bailey Ave., Suite 1A
Amherst, NY 14226
(716) 564-3288
Email:sandrews@kennethhiller.com
      khiller@kennethhiller.com